Bonnie Lee SMITH, Appellant,

v.

**TICOR TITLE INSURANCE COMPANY,
Michael Hughson and Paula
Hughson, Appellee.**

No. 08–84–00314–CV.

Court of Appeals of Texas,
El Paso.

April 17, 1985.

Gordon Stewart, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellant.

E.K. Peticolas, J. Morgan Broaddus, III, Peticolas, Broaddus & Shapleigh, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

Appellant asks this Court to dissolve what she describes as the temporary mandatory injunction of August 3, 1984. Appellees, Ticor Title Insurance Company, Michael Hughson and Paula Hughson, disclaim that the order complained of is an injunction, disclaim that it is appealable, claim that in any event Appellant failed to provide a record adequate for review, that Appellant is estopped from voiding the order and further that since the order has already been executed, the issue is moot. Appellees ask us to dismiss for lack of jurisdiction or alternatively to find the order proper and affirm, or to find that Appellant is estopped from claiming the order is void or else declare the order moot. We reverse and dissolve the injunction.

The order in question described as "ORDER GRANTING RELIEF," dated August 3, 1984, provides in pertinent part:

> The motion of intervenors for an order granting relief from prior orders impounding certain funds in the hands of Ticor Title Insurance Company on the ground that said prior orders were based upon erronous [sic] information and obtained without due process having been heard by this Court on July 26, 1984, and good cause appearing therefore [sic],
>
> IT IS, THEREFORE ORDERED that Ticor Title Insurance Company, release $49,144.27 to the Internal Revenue Service in part payment of a Federal Tax Lien, dated October 30, 1978, ... styled U.S.A. v. Albert Berry Smith....

The order further required the title company to deliver a balance of $2,791.59 held by it to the District Clerk to be held subject to the further order of the court.

The Albert Berry Smith mentioned in the order was divorced from Appellant in a cause which bore the same cause number in the trial court as the one we are considering here. The divorce decree was signed December 30, 1983. The trial court retained plenary power over the decree for the thirty days after it was signed and it then became final. Tex.R.Civ.P., Rule 329b(d) and (f). The Appellant was the petitioner in that divorce. The Smiths entered into a property settlement agreement and the decree approves and incorporates the agreement and orders compliance with its terms. It specifically decrees that Albert Barry Smith execute an assignment to Bonnie Lee Smith of all his interest in the proceeds from the sale of the house in question on or before the entry of the decree. The cause is styled "IN THE MATTER OF THE MARRIAGE OF: BONNIE LEE SMITH and ALBERT BERRY SMITH." Ticor Title Insurance Company was neither a party nor an intervenor in that lawsuit prior to the finality of the mentioned decree; nor were Michael Hughson and Paula Hughson. The Hughsons bought the Smith home and the title was guaranteed by Ticor Title Insurance Company.

As it pertains to the matter before us, the filed and approved agreement incident to the divorce provided that the wife would receive all of the proceeds ($92,705.36) from the sale of the parties' homestead. Those "proceeds" were escrowed at Ticor Title Insurance Company "pending the resolution of a claim against a portion of the proceeds being resolved." It was also a part of the agreement that the husband agreed to pay and hold the wife harmless for any sum owed to the Internal Revenue Service. The Appellees assert that the Smiths, jointly, in order to obtain a title policy and thus sell their home, executed a hold harmless and indemnity agreement in favor of Ticor Title Insurance Company authorizing Ticor to pay the tax lien from the proceeds held on deposit by Ticor.

We have concluded that the order of August 3, 1984, is a temporary mandatory injunction, as that term is defined in *North Side Bank v. Wachendorfer*, 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Under the present facts, the trial court retained plenary pow-

er to vacate, set aside, modify or amend the judgment for a period of thirty days after the other district judge, presiding for the trial court, signed the judgment. *Thursby v. Stovall,* 647 S.W.2d 953 (Tex.1983); *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980); Tex.R.Civ.P. Rule 329b(d) and (f). The divorce decree was signed and entered on December 30, 1983; there was no motion for a new trial filed; and there was no appeal taken. The plenary power over the judgment expired and the trial court thereafter lacked jurisdiction to modify that judgment. Whether or not applicable, no party involved herein undertook to follow the procedures outlined in Tex.Fam. Code Ann. sec. 3.70 et seq. (Vernon Supp. 1985). The purported intervention of Ticor Title Insurance Company and the Hughsons was filed on July 25, 1984, 208 days after the divorce decree was signed and 178 days after it was final. A third party may not intervene after final judgment is rendered. *First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984). Since the trial court lost its jurisdiction thirty days after judgment, an intervention cannot be considered unless the final judgment has been set aside. *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956 (1958).

Furthermore, the order on its face does not require a bond and no bond was filed. This renders the temporary injunction order void ab initio. *Ex parte Lesher,* 651 S.W.2d 734 (Tex.1983); *Boren v. Bank of the West,* 535 S.W.2d 776 (Tex.Civ.App. —Amarillo 1976, no writ); *North Side Bank, supra;* Rules 683 and 684, Tex.R. Civ.P.

We finally conclude that the order is an appealable interlocutory temporary mandatory injunction but that the trial court lacked jurisdiction to enter the order and that the order is void.

The judgment of the trial court of August 3, 1984, is reversed and the temporary mandatory injunction is dissolved.