**MATAGORDA COUNTY HOSPITAL DISTRICT, Appellant,**

v.

**CITY OF PALACIOS, Appellee.**

No. 13–00–623–CV.

Court of Appeals of Texas, Corpus Christi.

April 19, 2001.

C. Dean Davis, Marian J. Wu, Mark A. Keene, Davis & Davis, Austin, for Appellant.

M. Lane Lowrey, G.P. Hardy, III, Hardy, Milutin & Johns, Houston, for Appellee.

Before Chief Justice VALDEZ, HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

The Board of Managers of the Matagorda County Hospital District ("the District"), by a five-to-one vote, voted to close Wagner General Hospital ("Wagner") in Palacios County on grounds that it was operating at a financial deficit. Seven weeks later, the City of Palacios (the "City") obtained a temporary restraining order preventing the closure of Wagner, and subsequently obtained a temporary injunction prohibiting closure of the hospital. The District appeals this temporary injunction by five separate issues. We modify the temporary injunction, and affirm it as modified.

### Jurisdiction

■ An order granting a temporary injunction is subject to interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2001).

### Introduction

The health and safety code provides that the governing body of a hospital district may, by resolution, order the sale, lease, or closing of all or part of a hospital owned and operated by the hospital district. *See* TEX. HEALTH & SAFETY CODE ANN. § 285 .051(a) (Vernon 1992). The resolution "must include a finding by the governing body that the sale, lease, or closing is in the best interest of the residents of the hospital district." *Id.*

### Standard of Review

■ Appellate review of an order granting or denying a temporary injunction is strictly limited to determining whether there has been a clear abuse of discretion by the trial court in granting or denying the order. *Sonny Arnold, Inc. v. Sentry Sav. Ass'n,* 633 S.W.2d 811, 816 (Tex.1982); *Davis v. Huey,* 571 S.W.2d 859, 861 (Tex.1978). If the original petition alleges a cause of action and the party seeking the injunction presents evidence tending to sustain that cause of action, there is no abuse of discretion by the trial court in issuing the temporary injunction. *Biodynamics, Inc. v. Guest,* 817 S.W.2d 128, 130 (Tex.App.—Houston [14th Dist.] 1991, writ dism'd by agr.). Further, the trial court does not abuse its discretion when it bases its decision on conflicting evidence. *General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 526 (Tex.1998). The trial court abuses its discretion when it misapplies the law to the established facts or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975).

The reviewing court may not substitute its judgment for that of the trial court. *Davis*, 571 S.W.2d at 862. The appellate court must draw all reasonable inferences from the evidence in a light most favorable to the trial court's decision. *2300, Inc. v. City of Arlington*, 888 S.W.2d 123, 126 (Tex.App.—Fort Worth 1994, no writ); *Hartwell's Office World, Inc. v. Systex Corp.*, 598 S.W.2d 636, 638 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The merits of the underlying case are not presented for review. *See Davis*, 571 S.W.2d at 861.

In a temporary injunction hearing, the sole question before the court is whether the applicant is entitled to preserve the status quo of the subject matter of the suit pending trial. *See Davis*, 571 S.W.2d at 862. Due to the limited purpose of such a hearing, a court exercises broad discretion when determining whether to issue a temporary injunction. *See LeFaucheur v. Williams*, 807 S.W.2d 20, 22 (Tex.App.—Austin 1991, no writ).

### Standing

In its first point of error, the District argues that the City lacks standing to seek injunctive relief on grounds that it is not within the statutorily identified class of persons entitled to contest the decision to close Wagner. The District makes three arguments regarding standing. First, the District argues that the City lacks standing because it is not a person receiving medical care from the District. Second, the District argues that the City has established only possible harm to the general public, and not immediate or direct harm to the City individually. Finally, the District argues that the health and safety code provides that only the "qualified voters" of the District are the appropriate parties to bring suit.

In response, the City contends that it has standing to seek injunctive relief based on the District's failure to comply with the Texas Health and Safety Code and the Texas Open Meetings Act in determining to close Wagner.

The District's initial suggestion that only a person receiving medical care from the district could have standing to challenge the closure lacks merit. A plaintiff has standing to bring suit if it has a justiciable interest in the suit. *See Nootsie, Ltd. v. Williamson Cty. Appr. Dist.*, 925 S.W.2d 659, 661 (Tex.1996). The injury may be economic, recreational, or environmental. *See City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6, 11 (Tex. App.—Dallas 1990, writ denied). The City has pleaded and proved that it has a justiciable interest in the District's decision to close Wagner. The City specifically alleged and presented evidence that the closure of Wagner would leave the City without adequate health care, and adversely impact the City's tax base, the City's ability to attract new residents and new businesses, and the City's ability to provide necessary services for its residents.

Second, the District argues that the City has established only possible harm to the general public, and not immediate or direct harm to the City individually. To establish standing, one must allege an actual or imminent threat of injury peculiar to one's circumstances and not suffered by the public generally. *Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n*, 910 S.W.2d 147, 151 (Tex.App.—Austin 1995, writ denied). When a plaintiff asserts a public right and fails to show the matters in dispute affect it differently than other citizens, the plaintiff does not have standing. *Precision Sheet Metal Mfg. Co. v. Yates*, 794 S.W.2d 545, 551 (Tex.App.— Dallas 1990, writ denied). However, the

City specifically pleaded and proved that it would suffer special injuries distinct from the general public: the closure of Wagner would adversely affect the City by lowering the City's tax base, diminishing the City's ability to attract new residents and new businesses, and decreasing the City's ability to provide necessary services for its residents.

Finally, the District argues that the health and safety code provides that only the "qualified voters" of the District are the appropriate parties to bring suit. The District's argument is premised on section 285.052 of the Texas Health and Safety Code, which provides:

(a) The governing body of the hospital district shall order and conduct an election on the sale or closing of a hospital if, before the 31st day after the date the governing body orders the sale or closing, the governing body receives a petition requesting the election signed by at least 10 percent of the qualified voters of the hospital district . . .

(b) If a petition is filed under Subsection (a), the hospital may be sold or closed only if a majority of the qualified voters voting on the question approve the sale or closing.

TEX. HEALTH & SAFETY CODE ANN. § 285.052 (Vernon 1992). We first note that the District appears to be challenging the City's capacity to bring suit rather than its standing. Capacity is a party's legal authority to go into court and prosecute or defend a suit. *See Nootsie*, 925 S.W.2d at 661. The District failed to raise the issue of capacity in a verified pleading; therefore, this issue is waived and is not properly preserved for appeal. *See* TEX.R. CIV. P. 93; *Nootsie*, 925 S.W.2d at 662.

Even if this issue had been preserved for appeal, the District's argument would fail. The District is essentially arguing that section 285.052 of the health and safety code provides the exclusive remedy for challenging the District's decision to close Wagner. The text of the health and safety code does not expressly provide that the petition and election procedure is the exclusive means to challenge the District's decision to close Wagner. If the statute were meant to provide the exclusive and mandatory remedy, we would expect that the legislature would have explicitly included language to that effect. *Cf. e.g.*, TEX. LAB.CODE ANN. § 408.001 (Vernon 1996) (workers compensation statute provides "exclusive remedy"); TEX. ALCO. BEV.CODE ANN. § 2.03 (Vernon 1995) (dram shop statute provides "exclusive cause of action"); TEX. PROP. CODE ANN. § 92.252(a) (Vernon Supp.2001) (smoke detector statute provides remedies of tenant are "in lieu of common law, other statutory law, and local ordinances"). However, there is no such limiting language in the health and safety code provisions pertaining to hospital closure, and we are dissuaded from reading such an implicit restriction into the statute because the history and purposes of the statute would be frustrated by excluding other remedies. *Cf. Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15–16, 2000 Tex. LEXIS 82, *5–7 (2000) (language and purposes of Pawnshop Act indicate no legislative intent to render it an exclusive remedy). If the legislature intended that the petition method be an exclusive and mandatory remedy, the legislature must make that intent clear through express and certain language.

Moreover, the petition and election procedure does not provide a remedy for the District's failure to comply with the Texas Health and Safety Code's requirements for closing a hospital, or the District's failure to comply with the Open Meetings Act. The District's decision to close the hospital was not made in compliance with the

health and safety code because the District failed to make a resolution regarding its decision to close Wagner. *See* Tex. Health & Safety Code Ann. § 285.051(a) (Vernon 1992). Although the District had utilized "formal" resolutions for other decisions in the past, the decision to close Wagner was made by majority vote at a meeting, and the decision is reflected only in the meeting's minutes. Further, the District failed to include the required finding under the health and safety code that closure would be in the "best interests" of the residents of the entire hospital district. *See id.* The petition and election procedure fails to provide a remedy for the District's violations of the health and safety code.

▮▮▮▮ The City further has standing to obtain injunctive relief under the Texas Open Meetings Act. According to the evidence presented to the trial court, the District failed to provide adequate notice to the public regarding its intent to vote on closing Wagner at the July 12, 2000 meeting. *See* Tex. Gov't Code Ann. § 551.041 *et seq.* (Vernon 1994 & Supp.2001). The Open Meetings Act was enacted in 1967 to ensure that "the public has the opportunity to be informed concerning the transactions of public business." *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 300 (Tex.1990) (citing Acts 1967, ch. 271, § 7, 1967 Tex. Gen. Laws 597, 598). The statute requires that "every regular, special, or called meeting or session of every governmental body shall be open to the public." Tex. Gov't Code Ann. § 551.002 (Vernon 1994). Any action taken in violation of the Open Meetings Act is voidable. Tex. Gov't Code Ann. § 551.141 (Vernon 1994).

To effectuate the policy of keeping government meetings open to the public, the legislature has allowed an "interested person" to bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of the Open Meetings Act. *See* Tex. Gov't Code Ann. § 551.142 (Vernon 1994). The majority of courts addressing the "interested person" requirement have adopted an extremely broad interpretation regarding who constitutes an "interested person." *See Rivera v. City of Laredo,* 948 S.W.2d 787, 792 (Tex.App.—San Antonio 1997, writ denied) (adopting broad definition of "interested person"); *Save Our Springs Alliance, Inc. v. Lowry,* 934 S.W.2d 161, 163 (Tex.App.—Austin 1996, orig. proceeding) ("The Texas legislature exercised its discretion to grant broader standing to citizens under the Open Meetings Act." ); *City of Fort Worth v. Groves,* 746 S.W.2d 907, 913 (Tex.App.—Fort Worth 1988, no writ) (viewing "interested person" as affected taxpayer and citizen based on underlying purpose of act); *Cameron County Good Gov't League v. Ramon,* 619 S.W.2d 224, 230–31 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.) ("it is difficult to see how the legislature could broaden the class of 'any interested person' "); *but see City of Abilene v. Shackelford,* 572 S.W.2d 742, 745–46 (Tex.Civ.App.—Eastland 1978) (interpreting "interested person" as requiring plaintiff to show particular injury or damage different than public at large), *rev'd on other grounds,* 585 S.W.2d 665 (Tex.1979); *see also City of Bells,* 744 S.W.2d at 639–40 (applying general rules regarding standing without differentiating standing under Open Meetings Act).

In keeping with the majority of courts that have addressed this issue, we believe the Open Meetings Act should be construed broadly. Thus, the City had standing to bring the instant injunction under either the Texas Health and Safety Code or the Open Meetings Act. Accordingly, we overrule the District's first issue.

### Adequate Remedy at Law

▮▮▮▮ In its second issue, the District argues that the trial court abused its dis-

cretion in granting the temporary injunction because the City had an adequate remedy at law, that is, the petition and election procedure provided by the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. § 285.052 (Vernon 1992). To be entitled to a temporary injunction, the movant must show: (1) a probable right of recovery; (2) imminent, irreparable harm in the interim; and (3) no adequate remedy at law. *Munson v. Milton,* 948 S.W.2d 813, 815 (Tex.App.—San Antonio 1997, writ denied); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011 (Vernon 1997). A remedy is viewed as adequate when it is complete, practical, and efficient to the prompt administration of justice. *See Universal Health Svs. v. Thompson,* 24 S.W.3d 570, 577 (Tex.App.—Austin 2000, no pet.); *Bank of Southwest, N.A., Brownsville, v. Harlingen Nat'l Bank,* 662 S.W.2d 113, 116 (Tex.App.—Corpus Christi 1983, no writ).

■ The petition and election procedure contemplated by the health and safety code would provide an adequate remedy at law under most circumstances, but this remedy is clearly inadequate in the instant case. The petition and election procedure provides no avenue to address the District's failure to meet the procedural requirements of the health and safety code or its failure to comply with the Open Meetings Act. The election procedure is inadequate because it does not allow the City to challenge whether the District acted without authority in deciding to close Wagner without a formal resolution or a finding that it was in the "best interests" of the residents. Further, the election procedure fails to address the District's failure to post proper notice under the Open Meetings Act. In short, the remedy provided by statute is not complete, and the circumstances of this case clearly demonstrate several issues that cannot be resolved by resort to the remedy provided. Because the City did not have an adequate remedy at law, we overrule the District's second issue.

### Clean Hands

■ In its third issue, the District argues that the City is not entitled to injunctive relief because it did not act promptly. Injunctive relief is an equitable remedy and the complaining party must come into court with clean hands and must have acted promptly to enforce its right. *See Landry's Seafood Inn & Oyster Bar v. Wiggins,* 919 S.W.2d 924, 927 (Tex.App.—Houston [14th Dist.] 1996, no writ); *Foxwood Homeowners Ass'n v. Ricles,* 673 S.W.2d 376, 379–80 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

On July 12, 2000, the District decided to close Wagner, effective September 1, 2000. The City obtained a temporary restraining order on August 29, 2000, more than one month later, and obtained the temporary injunction on September 25, 2000. The alleged period of delay, one month and two days, is not *per se* an excessive delay under the law. *See Landry's Seafood Inn & Oyster Bar,* 919 S.W.2d at 927 (trial court did not abuse discretion in denying temporary injunction where applicant delayed eight months); *Foxwood,* 673 S.W.2d at 379 (trial court did not abuse discretion where eight month delay constituted lack of due diligence).

Based on equitable considerations, the trial court did not clearly abuse its discretion in granting the City's application for a temporary injunction. *See Davis,* 571 S.W.2d at 861–62. The trial court may have considered evidence that the District failed to follow statutory requirements as tending to affect the timing of the City's response. Although the evidence was conflicting, the trial court may further have considered that Wagner was minimally

staffed, and the District's actions in preparing to close Wagner could be reversed with minimal effort. Moreover, the trial court may have compared the timeliness of the District's actions to the time constraints provided in the health and safety code for the petition and election procedure. The petition and election procedure provides for a thirty-one day period of abeyance in which a petition may be filed, and an indefinite period during which an election contest may be held. *See* Tex. Health & Safety Code Ann. § 285.052 (Vernon 1994). Finding no clear abuse of discretion, we overrule the District's third issue.

### Bond

■■■■■ In its fourth issue, the District argues that the temporary injunction is void because the City did not post a bond as required by the trial court's order and Texas Rule of Civil Procedure 684. Rule 684 requires a bond before the issuance of a temporary injunction. *See* Tex.R. Civ. P. 684. An order lacking a bond is void. *See Ex parte Jordan*, 787 S.W.2d 367, 368 (Tex.1990); *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex.1983). The purpose of the bond is to provide protection to the enjoined party for any possible damages occurring as a result of the injunction. *Bayoud v. Bayoud*, 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990, writ denied).

■■■ In the instant matter, the City deposited $1,000 into the registry of the court in lieu of a bond. Where the adverse party is properly protected, a deposit of funds can be used in place of a bond. *Id.* Moreover, the record reflects that discussions pertaining to the bond took place in an off-the-record conference with the trial court. Consequently, the record is silent regarding the party's arguments and various matters given consideration by the trial court. The record does not show that the District made or filed any objections to the trial court's ultimate ruling. Therefore, this issue has not been preserved for appeal. *See* Tex.R.App. 33.1. We overrule the District's fourth issue.

### Increased Security

■■■ In its fifth issue, the District argues that the trial court abused its discretion in failing to increase the security required of the City when the temporary injunction was granted. The District asks this Court to find the City liable to the District for all financial losses caused by the prevented closure of Wagner since August 29, 2000, and remand this cause to the trial court for required findings.

■■■ A trial court has considerable discretion in setting the amount of a bond for a temporary injunction. *Northwest Bank v. Garrison*, 874 S.W.2d 278, 281 (Tex.App.—Houston [1st Dist.] 1994, no writ). The failure to require a bond in a sufficient amount does not render an injunction void. *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex.App.—Corpus Christi 1987, no writ).

As with its fourth issue, we cannot address the District's fifth issue because the majority of the discussions pertaining to the bond occurred off the record. *See* Tex.R.App. P. 33.1. If we were to reach this issue, however, we note that the evidence that was included in the record is conflicting, and therefore the trial court did not abuse its discretion in setting the amount of the bond. *See General Tire, Inc.*, 970 S.W.2d at 526.

■■■ A cause of action on the injunction bond is predicated on a breach of the condition of the bond. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 685 (Tex.1990). To prevail on this cause of action, the claimant must prove that the temporary injunction was issued or perpet-

uated when it should not have been, and that it was later dissolved. *Id.* at 685–86. Specifically, the claimant must prove that the issuance of the injunction caused him damages. *Id.* at 686. The damages recoverable in an action on an injunction bond are limited to the amount of the bond. *Id.*

The District cannot show that the temporary injunction was issued or perpetrated when it should not have been, and that it was later dissolved. *See id.* at 685–86. Accordingly, we overrule the District's fifth issue.

### Conclusion

Drawing all reasonable inferences from the evidence in a light most favorable to the trial court's decision, we affirm the trial court's order granting the temporary injunction. *2300, Inc.,* 888 S.W.2d at 126; *Hartwell's Office World, Inc.,* 598 S.W.2d at 638. However, the language of the order is overbroad, and requires modification. The trial court's order granting the temporary injunction prohibits "Defendants from closing Wagner General Hospital," and provides that "no further action shall be taken limiting the services provided to the residents of Palacios by Wagner General Hospital." This order could be construed to prohibit the District from renewing its attempt to close Wagner in compliance with applicable statutes. We therefore modify the district court's order as follows:

> IT IS THEREFORE ORDERED that the temporary injunction requested be and is hereby granted as requested and that the clerk of this Court issue a writ of injunction, pending final hearing and any determination of this cause or further orders of this Court restraining Defendants from closing Wagner General Hospital. Further, no further action shall be taken limiting the services provided to the residents of Palacios by Wagner General Hospital. *However, nothing in this order prohibits Defendants from renewing their attempt to close Wagner in compliance with the Texas Health & Safety Code and other applicable statutes.*

(modified language in italics). We overrule the District's issues on appeal, and affirm the injunction as modified herein.