NUMBER 13-02-00452-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

BOB CORNELISON,
INDIVIDUALLY

AND OFFICIALLY AS PORT
DIRECTOR

OF THE PORT ISABEL-SAN
BENITO

NAVIGATION DISTRICT,
WILLIAM

ZIMMERMAN, ET. AL.,                                                         Appellants,

 

                                                   v.

 

OFFSHORE
ENTERTAINMENT CORPORATION,                          Appellee.

 

 



                        On appeal from the 404th District Court

                                 of Cameron
County, Texas.

 

 



                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                                  Opinion by Justice Castillo

 








Appellants[1]
bring an interlocutory appeal[2]
from the grant of a temporary injunction enjoining them from: (1) destroying or
deleting certain materials; (2) entering into certain contracts; (3) removing
or destroying certain property; (4) contacting certain persons or entities; (5)
contacting certain parties; (6) paying certain sums to third parties; (7)
destroying certain improvements; and (8) failing to account for certain
monies.  

In three issues,
appellants contend the trial court abused its discretion in granting the
temporary injunction because: (1) appellees presented no evidence of a probable
right of recovery, imminent harm, or irreparable injury; (2) there is an
adequate remedy at law for the causes of action alleged; and (3) the order is
void for failing to satisfy the requirements of the Texas Rules of Civil
Procedure.   Appellee, Offshore
Entertainment Corporation, did not file a brief in this appeal.








A temporary injunction
is an extraordinary remedy, the purpose of which is to preserve the status quo
of a litigation=s subject matter
pending a trial on the merits.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  A temporary injunction does not issue as a
matter of right; an applicant must plead and prove three specific elements: (1)
a cause of action against the defendant; (2) a probable right to the relief
sought; and (3) a probable, imminent, and irreparable injury in the
interim.  Id.  On appeal, we review a trial court=s decision to grant
injunctive relief under an abuse of discretion standard.  Id. 
A trial court abuses its discretion when it misapplies the law to the established
facts or when the evidence does not reasonably support the trial court=s conclusions.  Matagorda County Hosp. Dist. v. City of
Palacios, 47 S.W.3d 96, 99 (Tex. App.BCorpus Christi 2001,
no pet.). 

Considering first
appellants= third issue, we note
initially that the order granting the temporary injunction does not set a
bond.  The supreme court has held that a
temporary injunction order is void where there is no bond set as required by
rule 684 of the rules of civil procedure.  See Tex.
R. Civ. P. 684 (AIn the order granting
any    . . . temporary injunction, the
court shall fix the security to be given by the applicant.@); see also Qwest
Communications v. AT&T Corp., 24 S.W.3d 334, 337 (Tex. 2000)(per
curiam)(citing Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303, 308
(1956)); Ex parte Lesher, 651 S.W.2d 734, 736 (Tex. 1983)(noting that Aan order of injunction
issued without a bond is void on its face.@); Matagorda County
Hosp. Dist., 47 S.W.3d at 104 (observing that an order issuing a temporary
injunction lacking the requisite bond is void). 
The requirements of rule 684 have been strictly construed.  Ebony Lake Healthcare Ctr. v. Tex. Dep=t of Human Servs., 62 S.W.3d 867, 870
(Tex. App.BAustin 2001, no
pet.).  Where, on its face, an order
granting a temporary injunction does not require a bond, the order is void ab
initio.  Smith v. Ticor Title Ins.
Co., 692 S.W.2d 531, 532 (Tex. App.BEl Paso 1985, no
writ).








Furthermore, the order
granting the temporary injunction in the present case does not state the
reasons why the trial court deemed it proper to issue the injunction as is
required by rule of civil procedure 683. 
See Tex. R. Civ. P. 683.  In pertinent part the order reads:

The Court, having
examined the pleadings and affidavit of Plaintiff and hearing the arguments of
Counsel, is of the opinion that the request for a Temporary Injunction should
be and is hereby granted.  The Court
finds that immediate and irreparable injury, loss or damage as alleged will
result to plaintiff unless Defendant is forthwith restrained as requested.  Plaintiff has no adequate remedy at law.








The above recitation
does not comply with the requirements of rule 683 as it wholly fails to
identify the probable interim injury that appellees would suffer without  issuance of the temporary injunction or why
the probable injury is an irreparable one for which there is no adequate legal
remedy.  Fasken v. Darby, 901
S.W.2d 591, 593 (Tex. App.BEl Paso 1995, no
writ).  A trial court is not required to
give its reasons for believing that the applicant has a probable right to final
relief, but the order must Agive the reasons why
injury will be suffered if the interlocutory relief is not ordered.@  State v. Cook United, Inc., 464 S.W.2d
105, 106 (Tex. 1971)(citing rule 683); Moreno v. Baker Tools, Inc., 808
S.W.2d 208, 210 (Tex. App.BHouston [1st Dist.]
1991, no writ)(noting rule of Cook United and confirming that if a trial
court=s order does not state
reasons why injury will be suffered in the absence of interlocutory relief, Awe will declare it
void and dissolve it.@).  Since the Arequirements of Rule 683 are mandatory and must
be strictly followed,@ a temporary
injunction order that does not adhere to those requirements is subject to being
declared void and dissolved.  Interfirst
Bank San Felipe, N.A., v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex.
1986)(per curiam).  An order that fails
to conform to the requirements of rule 683 is fatally flawed, and a trial court
abuses its discretion in rendering and signing the order.  Wyatt v. Cowley, 74 S.W.3d 576, 577-78
(Tex. App.BCorpus Christi 2002,
pet. dism=d w.o.j.).  Accordingly, we sustain appellants= third issue.

We also sustain
appellants= first issue.  No temporary injunction may issue unless the
applicant offers competent evidence  in
support of his application to the trial court at the hearing on the temporary
injunction, according to the standard rules of evidence.  Millwrights Local Union No. 2484 v. Rust
Eng=g Co., 433 S.W.2d 683,
686-87 (Tex. 1968)(citing rule 680); see also Camp v. Shannon, 162 Tex. 515,
348 S.W.2d 517, 519 (1961)(AThe applicant has, and
in equity and good conscience ought to have, the burden of offering some
evidence which, under applicable rules of law, establishes a probable right of
recovery.  If not, no purpose is served
by the provisions of Rule 680 . . . requiring a hearing before a temporary
injunction can issue. . . . Writs of injunction should not issue on mere
surmise.@).  Remarks of counsel during the course of a
hearing are not competent evidence unless the attorney is actually testifying.
 Collier Servs. Corp. v. Salinas,
812 S.W.2d 372, 377 (Tex. App.BCorpus Christi 1991,
orig. proceeding).  Nor does a sworn petition
requesting the issuance of the injunction constitute evidence that can support
a trial court=s issuance of a
temporary injunction.  Millwrights
Local Union No. 2484, 433 S.W.2d at 686; see also In re Tex.
Natural Res. Conservation Comm=n, 85 S.W.3d 201, 204
(Tex. 2002)(noting that temporary injunctions require more stringent proof
requirements than temporary restraining orders that can issue on sworn pleadings).








Review of the record
of the temporary injunction hearing in the instant case reveals that appellee
offered no evidence to the trial court and called no witnesses.  The order itself recites that the matter was
decided on the Apleadings and
affidavit of Plaintiff, and . . . the arguments of counsel.@[3]  As no evidence was offered to the trial court
in support of the temporary injunction, we cannot say that the trial court=s ruling is supported
by evidence.  Millwrights Local Union
No. 2484, 433 S.W.3d at 687. 
Accordingly, we hold that the trial court abused its discretion in
issuing the temporary injunction in the absence of evidence.

In light of our
disposition, it is not necessary to consider appellants= second issue.  Tex.
R. App. P.  47.1.  Having sustained appellants= first and third
issues, we declare the trial court=s temporary injunction
to be void and order that it be dissolved.

 

ERRLINDA
CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 5th day of December, 2002.

 











[1]
Appellants are Bob Cornelison, Individually and Officially as Director of the
Port Isabel-San Benito Navigation District, William Zimmerman, Victor Barrera,
and William Wickley, Individually and Officially as Commissioners of the Port
Isabel-San Benito Navigation District, and the Port Isabel-San Benito
Navigation District.





[2]
We have jurisdiction over this interlocutory appeal pursuant to section
51.014(a)(4) of the civil practice and remedies code, which provides that an
appeal may be taken from an interlocutory order that grants or refuses a
temporary injunction.  Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(4) (Vernon Supp. 2003).





[3]
Aside from the recitations in the order and the record of the hearing itself,
which affirmatively demonstrate the appellee=s
failure to put on witnesses or offer other evidence, in a brief exchange at the
conclusion of the hearing the trial judge made it clear that he was not relying
on any evidence to support his ruling:

 

TRIAL
JUDGE:  Well, I=ll
entertain the other matters that you brought up . . . but for the meanwhile I
am going to go ahead and issue an injunction.

 

DEFENSE
COUNSEL:  Without an evidentiary record,
Your Honor?

 

TRIAL JUDGE: Yes, sir.