Affirmed and Memorandum Opinion filed November 16, 2004









Affirmed
and Memorandum Opinion filed November 16, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00139-CV

____________

 

CAROLYN W. DESSENS, Appellant

 

V.

 

CHARLES WAYNE
DESSENS, RONALD HUDSON, LYNN ANDERSON AND BARBARA K. RUNGE, Appellees

 



 

On Appeal from the 309th
District Court

Harris County, Texas

Trial Court Cause No. 92-13606

 



 

M E M O R A N D U M   O P I N I O N








In 1996, appellant Carolyn Dessens and
appellee Charles Wayne Dessens were divorced. 
The divorce decree provided that Mr. Dessens had the exclusive right to
sell the family residence within a specified time frame, and each party was to
receive fifty percent of the net proceeds of the sale.  Three years later, Mr. Dessens listed the
property for sale with appellee Lynn Anderson, a real estate agent, and
eventually entered into a sales contract with appellee Ronald Hudson.  However, Mrs. Dessens refused to attend the
closing or sign the deed.  Mr. Dessens
moved to enforce the sales contract, but the trial court denied his motion
because the proposed closing statement did not distribute the net proceeds to
the parties equally.  The trial court
then appointed appellee Barbara Runge as receiver.  Anderson and Hudson intervened to require
Mrs. Dessens, or alternatively Runge, to sign the deed to the property and
complete the sale.  The trial court
granted the intervention. 

In its Final Judgment on Intervention, the
trial court ordered Runge to execute a deed conveying the property to Hudson,
and specified how the sale proceeds were to be allocated on the settlement
statement.  Mrs. Dessens appeals the
Final Judgment on Intervention, contending that (1) the trial court lacked
jurisdiction to enter the judgment; (2) the trial court lacked authority to
order payment of attorney’s fees out of the sale of the parties’ homestead; and
(3) the judgment makes substantive changes to the divorce decree’s property
division.  For the reasons stated below,
we affirm.

FACTUAL AND PROCEDURAL BACKGROUND








Mr. and Mrs. Dessens were divorced on October 29, 1996.  The final decree of divorce granted Mr.
Dessens possession of their house and required that he sell the house within
ninety days of the earliest date that (1) their minor child graduates from high
school,[1]
(2) the residence is no longer the child’s principal residence, or (3) the
residence is the primary residence of any individual to whom the child is not
related or to whom Mr. Dessens is not married or related.  The decree stated that Mr. Dessens had the
exclusive right to list the property and the exclusive right to enter into an
earnest money contract for the sale.  The
net proceeds from the sale would be distributed equally to Mr. and Mrs.
Dessens.[2]  In the case that the above conditions of the
sale were not satisfied, Barbara Runge would be appointed receiver.  Among other provisions, the decree
additionally required Mr. Dessens to pay all taxes and insurance on the
property from November 1996 until the final sale, as well as provided that he
be reimbursed for drapes removed from the house by Mrs. Dessens, and for a
November 1996 mortgage payment.

In 1999, Mr. Dessens contacted real estate agent Lynn Anderson
about listing the house.  Ronald Hudson
contacted Mrs. Anderson to view the property and soon after entered into a
contract to purchase the house for $170,000. 
Mr. Hudson was Mr. Dessens’ supervisor for a number of years at the City
of Houston Engineering Department; at the time of the contract, however, Mr.
Hudson had retired.  At the March 19,
2001 closing, Mr. Hudson paid $86,471.31 in cash to the title company and
tendered a note for the balance of the purchase price to Mr. Dessens.  Mr. Dessens accepted the tender of
consideration and executed a deed to the property which was then held by the
title company.  However, Mrs. Dessens
refused to sign the deed.

Mr. Dessens then filed a petition for enforcement seeking
enforcement of the sale.  An associate
judge determined the original contract of July 7, 1999 was not timely, but
found that a “back-up contract” of August 6, 2001 and the closing of March 19,
2001 were within the required 90 days. 
However, he denied the petition after finding that the contract did not
provide Mrs. Dessens fifty percent of the proceeds as the final divorce decree
required.  Mr. Dessens appealed to the
trial judge, but on April 22, 2002, the trial judge affirmed the associate
judge’s findings and denied the appeal. 
The trial judge also appointed Barbara Runge as receiver. 








On July 29, 2002, Ronald Hudson and Lynn Anderson filed a
petition of intervention to force Mrs. Dessens, or alternatively, Runge, to
execute the deed.  They also requested
the court order payment of Anderson’s real estate commission and distribute the
remaining net proceeds of the sale as provided by the divorce decree.  Both Mr. Hudson and Mrs. Anderson sought
attorney’s fees.  In October 2002, the
trial court conducted a hearing on the intervention.  At the hearing, the trial court struck Mrs.
Dessens’ response to the intervenors’ petition for intervention as not timely
filed.  On October 29, 2002, the trial
court signed the Final Judgment on Intervention to enforce the sale of the
house.  In the judgment, the trial court
directed that Mr. Hudson’s cash payment be split evenly between Mr. and Mrs.
Dessens, that they share the closing costs, commission costs and receiver fees,[3]
and that Mr. Hudson tender a separate note to each of them.  The trial court also required Mr. Dessens to
pay all taxes on the property, as provided in the final divorce decree.  It also deducted some of the requested
attorney’s fees, as well as ad litem fees, from Mrs. Dessens’ proceeds of the
sale, and ordered that Mrs. Dessens’ portion of the proceeds also be reduced to
compensate Mr. Dessens for a November 1996 mortgage payment and the cost of
replacing drapes.  The trial court then
confirmed the sale on December 16, 2002.

Mrs. Dessens appeals from the Final Judgment on
Intervention.  In response, Hudson and
Anderson have filed briefs on the merits, and Mr. Dessens adopts and
incorporates their arguments in his response brief.  Runge also files a response in which she
raises arguments relating to her award of receiver’s fees.  However, because of our disposition of the
appeal, we do not reach her issues. 
Therefore, we address the arguments of appellant, Mrs. Dessens, and
appellees, Hudson and Anderson.

ANALYSIS








On appeal, Mrs. Dessens raises three issues.  First, she contends that the trial court
abused its discretion by granting the intervention because the intervention was
untimely and the issues it raised were fully adjudicated when the trial court
denied Mr. Dessens’s petition for enforcement. 
Second, she contends the trial court abused its discretion in awarding
attorney’s fees paid out of the sale of the parties’ homestead.  Third, she contends the trial court abused
its discretion when it entered the Final Judgment on Intervention because it
made substantive changes to the divorce decree’s property division.  We disagree and hold that (1) the trial
court’s denial of Mr. Dessens’s petition for enforcement was not a final
judgment that precluded the later-filed intervention; (2) Mrs. Dessens failed
to plead or prove that the property was her homestead so as to preclude payment
of attorney’s fees out of her share of the proceeds of the sale; and (3) the
trial court did not make a substantive change to the divorce decree’s property
division.  We explain in greater detail
below.

I.          The Trial
Court’s Denial of Mr. Dessens’s Petition for Enforcement was Not a Final
Judgment that Precluded the Later-Filed Intervention.

In her first issue, Mrs. Dessens contends the trial court
abused its discretion by granting the intervention because the intervention was
untimely and the issues it raised were fully adjudicated when the trial court
denied Mr. Dessens’s petition for enforcement. 


The crux of Mrs. Dessens’s argument is that Mr. Dessens’s
petition for enforcement was the proceeding or “suit” that raised the issues
relating to the sale of the property, and when that petition was denied, the
issues were finally determined and the suit was no longer pending.  Because the suit was no longer pending,
intervention was no longer permissible. 
In support of her contention, Mrs. Dessens cites three cases that hold
that an intervention after a final judgment is barred unless the final judgment
is set aside.  See Citizens State Bank
of Sealy v. Caney Invs., 746 S.W.2d 477, 478 (Tex. 1988); Highlands Ins.
Co. v. Lumberman’s Mut. Cas. Co., 794 S.W.2d 600, 602 (Tex. App.—Austin
1990, no writ); Smith v. Ticor Title Ins. Co., 692 S.W.2d 531, 533 (Tex.
App.—El Paso 1985, no writ).  However,
that rule applies to final judgments; we disagree that the trial court’s denial
of Mr. Dessens’ petition for enforcement was a final judgment that barred the
later intervention. 








Mrs. Dessens’s argument is based on the premise that the
trial court’s jurisdiction to hear and determine issues relating to the sale of
the property was invoked when Mr. Dessens filed his petition for enforcement
and ended after the trial court denied the petition and its plenary power
expired.  However, this premise is
incorrect.  The trial court’s
jurisdiction to hear and determine issues relating to the sale of the property
did not spring from Mr. Dessens’s petition for enforcement.  Under the Family Code, the trial court has continuing
jurisdiction to make orders necessary to enforce the division of property made
in the final decree of divorce.  See
Tex. Fam. Code § 9.006.  Consistent with this statutory grant of
continuing jurisdiction, the divorce decree also expressly reserved for the
trial court the right to make orders necessary to clarify and enforce the
divorce decree.  The divorce decree gave
Mr. Dessens the exclusive right to sell the property, it ordered the property
to be sold within a specified time frame, and it ordered the net proceeds of
the sale distributed one-half to Mr. Dessens and one-half to Mrs. Dessens.  It also provided that Runge be appointed
receiver in the event a sale was not closed within the specified time frame.  Therefore, the trial court’s jurisdiction to
consider issues concerning the sale of the property and the disposition of the
proceeds as ordered in the divorce decree did not arise from Mr. Dessens’
petition for enforcement; rather, it arose from its continuing jurisdiction to
enforce the terms of the divorce decree.

Mr. Dessens’s petition for enforcement was in effect a motion
to enforce the sale in compliance with the divorce decree’s provisions.  When the trial court denied the petition, it
left unresolved the final disposition of the property and the distribution of
the proceeds of the sale.  The trial
court continued to have jurisdiction to make a final determination of those
issues at the time Hudson and Anderson intervened.  Additionally, the relief the intervenors
sought was consistent with the terms of the decree; Hudson sought to complete
the sale of the property, and Anderson sought payment of her commission from
the proceeds of the sale.  Therefore, on
these facts, the trial court’s April 22 order does not constitute a final
judgment in a “suit” that bars the intervenors from later seeking relief
relating to the sale of the property in the trial court.  Cf. Breazeale v. Casteel, 4
S.W.3d 434, 436 (Tex. App.—Austin 1999, pet. denied) (holding that intervenors
seeking post-judgment relief that did not attack the substance, validity, or
enforceability of underlying judgment but merely sought to protect their
interest in property were not barred from intervening). 








Mrs. Dessens also suggests that the intervention was void
because the litigation in which the intervenors sought relief was fully
adjudicated and thus was barred by res judicata.  However, a finding of res judicata does
not deprive a court of jurisdiction.  It
merely precludes relitigation of claims that have been finally adjudicated, or
that arise out of the same subject matter and that could have been litigated in
the prior action.  See Amstadt v.
United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).  It requires proof of the following
elements:  (1) a prior final judgment on
the merits by a court of competent jurisdiction; (2) identity of parties or
those in privity with them; and (3) a second action based on the same claims as
were raised or could have been raised in the first action.  Id. 
As we have discussed, the trial court’s order denying Mr. Dessens’s
petition for enforcement was not a final judgment; therefore, it could not be
the basis for the application of res judicata.

We overrule Mrs. Dessens’s first issue.

II.        The Trial
Court Did Not Err in Ordering Attorney’s Fees Paid Out of Mrs. Dessens’s Share
of the Proceeds Because She Failed to Plead or Prove the Property was Her
Homestead. 

In her second issue, Mrs. Dessens contends the trial court
abused its discretion when it ordered proceeds from the sale of the parties’
homestead to satisfy attorney’s fees.  In
the Final Judgment on Intervention, the trial court directed that certain
attorney’s fees be deducted from Mrs. Dessens’s share of the proceeds.  Mrs. Dessens contends that the trial court was
without authority to award these attorney’s fees out of her share of the
property, because proceeds from the sale of the parties’ homestead may not be
used to pay off ordinary debt.  See In
re Marriage of Banks, 887 S.W.2d 160, 164 (Tex. App.—Texarkana 1994, no
writ) (stating that trial court may not order proceeds from sale of the
parties’ homestead be used to extinguish liabilities due unsecured creditors); Delaney
v. Delaney, 562 S.W.2d 494, 495–96 (Tex. Civ. App.—Houston [14th Dist.]
1978, writ dism’d) (stating that trial court may partition and sell community
homestead, but may not order the proceeds of such sale applied toward general
debts).  Mrs. Dessens has accurately
stated the general rule, but her claim still fails.








The person claiming the protection of the homestead laws has
the burden of pleading and proving entitlement to the exemption as an
affirmative defense.  See, e.g.,
McIntyre v. McIntyre, 722 S.W.2d 533, 538 (Tex. App.—San Antonio 1986, no
pet.); Svacina v. Gardener, 905 S.W.2d 780, 782 (Tex. App.—Texarkana
1995, no writ); Bennett v. State Nat’l Bank, 623 S.W.2d 719, 722 (Tex.
App.—Houston [1st Dist.] 1981, writ ref’d n.r.e.).  Mrs. Dessens failed to plead or prove the
property was her homestead.  Indeed, she
introduced evidence that she had advised the Harris County tax authorities that
the property was not her homestead and that she had not resided at the property
since October of 1996. Therefore, the award of attorney’s fees was not an abuse
of discretion.  See McIntyre, 722
S.W.2d at 538.

We overrule Mrs. Dessens’s second issue.

III.       The Trial
Court Did Not Make a Substantive Change to the Divorce Decree’s Property
Division. 

Finally, Mrs. Dessens contends the trial court abused its
discretion because the Final Judgment on Intervention made substantive changes
to the property division in the final decree of divorce.  As discussed above, a trial court has
continuing jurisdiction to make orders necessary to enforce the division of
property made in a final decree of divorce. 
See Tex. Fam. Code
§ 9.006(a).  However, a court may not
amend, modify, alter, or change the division of property made or approved in
the decree of divorce.  See Tex. Fam. Code § 9.007(a).  An order that alters the substantive division
of property in a final divorce decree is beyond the power of the divorce court
and is unenforceable.  See Tex. Fam. Code § 9.007(b).

In support of this issue, Mrs. Dessens cites to general
principles of law, but does not identify any part of the judgment that makes a
substantive change.  Instead, she merely
concludes her general discussion of the law by asserting that “[t]he specific
way the proceeds are to be divided to persons other than CAROLYN and CHARLES is
far different than the mere splitting of proceeds called for in the final
decree.”  We have reviewed the Final
Judgment on Intervention and the Dessenses’ divorce decree, and we do not find
any award in the judgment that substantively changes the divorce decree’s
property division.

We overrule Mrs. Dessens’s third issue.

 








CONCLUSION

The judgment of the trial court is affirmed.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 16, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Hudson.











[1]  According to
the record, the minor child graduated in May 2001.





[2]  In the divorce
decree, “net” was defined as “the amount after payment of any outstanding
mortgage principal and interest and property taxes, computed as if current as
of the date of closing, less reasonable closing costs, costs of sale and sales
commissions, plus mortgage and insurance escrow equity, less mortgage and
insurance escrow shortage.”





[3]  The trial
court did rule that Mrs. Dessens would be solely responsible for receiver fees
incurred after October 2002.