

NUMBER 13-19-00354-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MAGELLAN TERMINALS HOLDINGS, L.P., AND
PAUL R. WILSON, AS RECEIVER OF MEXAM
EXPORT IMPORT CORPORATION,                                    Appellants,

v.

HECTOR VARGAS, ET AL.,                                         Appellees.

---

On appeal from the 357th District Court
of Cameron County, Texas.

---

# ORDER

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Order Per Curiam**

Appellants, Magellan Terminals Holdings, L.P. and Paul R. Wilson as Receiver of

Mexam Export Import Corporation, bring this interlocutory appeal from a temporary

injunction granted in favor of appellee Hector Vargas.  Currently before the Court is

appellants' "Emergency Motion for Adequate Temporary Injunction Bond or Other Relief."

Appellants argue that the temporary injunction bond of $1,000 set by the trial court is inadequate to "protect [a]ppellants from the imminent risk of substantial loss [a]ppellants may suffer in the event that the Temporary Injunction . . . is dissolved in whole or part." Appellants request this Court to exercise its authority under Texas Rule of Appellate Procedure 29.3 and order Vargas to provide an adequate temporary injunction bond or to grant other appropriate relief as necessary. *See* TEX. R. APP. P. 29.3.

Texas Rule of Appellate Procedure 29.3 provides in pertinent part: "When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." *Id*. The rule authorizes courts of appeals, during interlocutory appeals, to "make any temporary orders necessary to preserve the parties' rights." *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019) (quoting TEX. R. APP. P. 29.3). "Although Rule 29.3 does not say so explicitly, the authority it grants to issue 'any temporary order' naturally includes only the authority to issue orders that are consistent with the law." *Id*. at 88 (quoting TEX. R. APP. P. 29.3).

We note that the temporary injunction bond was set by the trial court in the first instance pursuant to Texas Rule of Civil Procedure 684. *See* TEX. R. CIV. P. 684. Rule 684 states in relevant part that "[i]n the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant." *Id*. Before the issuance of the temporary injunction, the applicant must execute and file with the clerk a bond "in the sum fixed by the judge[.]" *Id*. The purpose of a bond as a condition to the granting of a temporary injunction is to secure the payment

for the party against whom the injunction is issued, including the amount of the monetary damages which it sustains as a result of the injunction, and costs, in the event the injunction is subsequently held to be wrongfully issued and is dissolved. *See id*.; *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 203 (Tex. App.—Fort Worth 2005, no pet.).

The amount of a temporary injunction bond is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 286 (Tex. App.—San Antonio 2003, no pet.); *Four Stars Food Mart, Inc. v. Tex. Alcoholic Beverage Comm'n*, 923 S.W.2d 266, 269 (Tex. App.—Fort Worth 1996, no writ). The determination of the adequacy of the bond is made on a case-by-case basis based upon the record before the reviewing court. *Maples v. Muscletech, Inc.*, 74 S.W.3d 429, 431 (Tex. App.—Amarillo 2002, no pet.). An appellate court is unable to determine whether the trial court abused its discretion where the parties do not present evidence to the trial court concerning the amount of the bond. *See Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 770 (Tex. App.—Texarkana 2017, pet. dism'd) ("Without some evidence that would support a higher bond amount, we cannot say that the trial court abused its discretion in setting the bond amount."). Furthermore, a challenge to the adequacy of the bond on appeal is subject to traditional notions of error preservation. *See Khaledi*, 126 S.W.3d at 286 (concluding that a complaint regarding the amount of the bond set pursuant to Texas Rule of Civil Procedure 684 must be raised in the trial court); *Matagorda Cty. Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 104 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (same).

Here, appellants failed to contest the amount of the bond in the trial court. As a result, there is no record from which we can assess whether the trial court abused its discretion in setting the bond amount as it did. *See Hartwell*, 528 S.W.3d at 770; *Khaledi*, 126 S.W.3d at 286; *City of Palacios*, 47 S.W.3d at 104. In light of the foregoing, we conclude that appellants have not established grounds for relief pursuant to Texas Rule of Appellate Procedure 29.3.

The Court, having examined and fully considered the matters on file herein, is of the opinion that appellants are not entitled to the relief requested. Accordingly, we DENY appellants' "Emergency Motion for Adequate Temporary Injunction Bond or Other Relief."

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
24th day of September, 2019.