**Minerva SALAZAR, Appellant,**

**v.**

**Frank GALLARDO, et al., Appellees.**

**No. 13–01–389–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 4, 2001.

Rehearing Overruled Oct. 29, 2001.

J.A. "Tony" Canales, Nancy M. Simonson, Canales & Simonson, Corpus Christi, for Appellant.

Joe A. De Los Santos, Nan P. Hundere, Walsh, Anderson, Brown, Schulze & Aldridge, San Antonio, John David Bell, Wood Boykin & Wolter, Rene C. Flores, Corpus Christi, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

This is an accelerated, interlocutory appeal from a temporary injunction ordering appellant, Minerva Salazar, to place proceeds of settlement monies in her possession into the registry of the court, and enjoining appellee, the West Oso Independent School District (School District), from making installment payments to Salazar. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2001); TEX.R.APP.P. 28.1. Salazar challenges the temporary injunction by three issues. We affirm.

At a school board meeting on May 7, 2001, the School District's Board of Trustees (Board) voted to accept Superintendent Salazar's resignation in exchange for an agreement to pay her $500,000.00.[1] On May 8, 2001, appellees, Frank Gallardo and Diana Cantu Guerrero, taxpayers of the School District, filed suit against the School District and Salazar, individually and as superintendent of the School District. By the lawsuit, Gallardo and Guerrero complain that the posted agenda notice of the May 7 board meeting was inadequate to apprise the public of the issues to be voted on by the Board; specifically, it failed to give notice that the Board was to consider Salazar's resignation and severance pay. By challenging the validity of the decision, they seek to void the underlying agreement.

Gallardo and Guerrero also pleaded for injunctive relief under section 551.142 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 551.142 (Vernon 1994). By supplemental application for injunction they requested that the trial court order Salazar to return the $250,000.00 in severance pay awarded her by the Board at the May 7 meeting, and to deposit the money into the registry of the court. Neither the Board nor any of the individual trustees were named as a party to the suit.

---

1. The agreement specified that Salazar would receive an immediate payment of $250,000.00, with the remaining $250,000.00 to be paid in twenty-four monthly installments beginning July 1, 2001.

On May 25, 2001, after a two-day hearing, the trial court signed a temporary injunction ordering Salazar to deposit the $147,585.70 after-tax proceeds of the settlement monies already paid to her into the registry of the court, and enjoining the School District from paying Salazar installment payments for the additional settlement amount. The court found that a violation of the Texas Open Meetings Act probably occurred because the School District did not provide sufficient notice of the discussion and action taken on the settlement agreement with Salazar. The court further found that Gallardo and Guerrero had a statutory right to an injunction under section 551.142 of the Texas Government Code to stop, prevent, or reverse a violation or threatened violation of the Texas Open Meetings Act. This case is set for trial on the merits on November 12, 2001.

The standard of review for granting or denying a temporary injunction is abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993); *Matagorda County Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 99 (Tex.App.—Corpus Christi 2001, no pet.). "The appellate court must not substitute its judgment for that of the trial court and determine that the trial court abused its discretion by granting injunctive relief unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Butnaru v. Ford Motor Co.*, 44 Tex.Sup.J. 808, 2001 WL 618149, *8, 2001 Tex. LEXIS 50, *22 (June 7, 2001). "Moreover, the appellate court should draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment." *Id.* at 2001 WL 618149, at *8, 2001 Tex. LEXIS 50, at *22–23. There is no abuse of discretion where the court bases its decision on conflicting evidence. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex.1998); *Tenet Health Ltd. v. Zamora*, 13 S.W.3d 464, 468 (Tex.App.—Corpus Christi 2000, pet. dism'd w.o.j.).

By her first issue, Salazar complains that the evidence does not reasonably support the conclusion that Gallardo and Guerrero had a probable right of recovery.[2] To be entitled to a temporary injunction a plaintiff must show: (1) a cause of action against the defendant; (2) a probable right to recovery; and (3) a probable, imminent, and irreparable injury in the interim. *See Butnaru*, 2001 WL 618149, *7, 2001 Tex. LEXIS 50, *21; *Zamora*, 13 S.W.3d at 468; *Castaneda v. Gonzalez*, 985 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1998, no pet.). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter until the case can be tried on the merits. *See Butnaru*, 2001 WL 618149, *7, 2001 Tex. LEXIS 50, *21 (citing *Walling*, 863 S.W.2d at 57). The applicant is not required to show he will ulti-

---

**2.** Salazar also urges that the trial court abused its discretion in finding the notice of the May 7 meeting of the Board of Trustees failed to comply with the Texas Open Meetings Act. We do not interpret the court's finding as a finding of a violation, but rather that a violation probably occurred, thus, affording Gallardo and Guerrero a probable right to recovery. *See Butnaru v. Ford Motor Co.*, 44 Tex.Sup.J. 808, 2001 WL 618149, *7, 2001 Tex. LEXIS 50, *21 (June 7, 2001); *Tenet Health Ltd. v. Zamora*, 13 S.W.3d 464, 468 (Tex.App.—Corpus Christi 2000, pet. dism'd w.o.j.); *Castaneda v. Gonzalez*, 985 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1998, no pet.). Therefore, Salazar's argument regarding notice violations goes to the merits of the case, and we do not reach the merits of the underlying case in an appeal from the granting a temporary injunction. *See San Miguel v. City of Windcrest*, 40 S.W.3d 104, 107 (Tex. App.—San Antonio 2000, no pet.) (citing *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978)).

mately prevail on the trial of the merits, but only that he is entitled to preserve the status quo. *See Walling,* 863 S.W.2d at 57.

The evidence from the hearing before the trial court reveals that on May 4, 2001, the School District posted an agenda notice for a special board meeting to be held on May 7, 2001. Salazar and Liz Gutierrez, then Board President, were responsible for preparing the School District's agenda notice for the May 7 meeting. The posted agenda gave notice in item 1 that the Board would go into closed session to discuss:

B. Pursuant to Section 551.074: Personnel: Resignations, employment, evaluations, appointments, assignments, terminations, non-renewals, additions and extensions and/or renewal of contract of individual teachers, individual administrators, and individual support staff.

\* \* \* \* \* \*

The Board will discuss the superintendent's performance, job duties, evaluation and contract.

The agenda further gave notice that upon reconvening in open session: "Item 5. The Board may take appropriate action on the superintendent's performance, job duties, evaluation and contract."

The Board's written policy provides:

Agendas for all meetings shall be sufficiently specific to inform the public of the subjects to be deliberated at the meeting, setting out any special or unusual matters to be considered or any matter in which the public has a particular interest. Deliberations or actions pertaining to the Superintendent and principals are of particular public interest, and notice of those subjects must be worded with such clarity that the public will understand what the Board propos-

es to discuss or accomplish. *Cox Enterprises, Inc. v. Austin ISD,* 706 S.W.2d 956 (Tex.1986); *Point Isabel ISD v. Hinojosa,* 797 S.W.2d 176 (Tex.App.—Corpus Christi, 1990, writ denied); Atty. Gen[.] Ops. M–494 (1969), H–419 (1974), H–662 (1975), H–1045 (1977).

Salazar testified she requested an agenda item concerning her employment and possible departure for the May 7 meeting because of the difficulty she alleges she was experiencing in performing her duties as the superintendent of schools. Gutierrez testified that the subject of Salazar's performance, job duties, evaluation and contract had been listed on prior agendas because of her difficulty in performing her job duties. Gallardo and Guerrero argue that nothing on the May 7 agenda indicated the discussion would be any different from prior discussions. Additionally, four trustees who attended the May 7 meeting testified they did not anticipate a settlement or buy out of the superintendent's employment contract would take place. Following a closed session, the Board returned to open session and voted to accept Salazar's resignation, terminate her contract, and pay her $500,000.00 as severance pay.

Generally, written notice shall be given of the date, hour, place, and the subject matter of each meeting held by the governmental body. *See* Tex.Gov't Code Ann. § 551.041 (Vernon 1994); *Cox Enter., Inc. v. Board of Trustees,* 706 S.W.2d 956, 959–60 (Tex.1986) (holding that Open Meetings Act requires full disclosure of subject matter of meetings). The Texas Supreme Court further established that notices of meetings of governmental bodies must include more specific information when the issue is one of special interest to the public. *See Cox,* 706 S.W.2d at 958–60. Additionally, this Court has made it clear that "full and adequate notice" of the topics to

be discussed must fairly "alert the reader to the topic for consideration." *Point Isabel I.S.D. v. Hinojosa,* 797 S.W.2d 176, 179 (Tex.App.—Corpus Christi, 1990, writ denied). In *Point Isabel,* we concluded the appropriate process is a case by case comparison between the notice given and the action taken under the standards set by *Cox. Id.* at 180. Although Salazar argues that the notice need not list possible consequences or outcomes of topics identified in the agenda, we cannot conclude that the evidence presented at the hearing does not reasonably support the conclusion that the applicant has a probable right of recovery. *See State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975).

 Salazar also urges that the injunction requiring her to pay the partial settlement proceeds into the registry of the court does not preserve the status quo, but rather allows for a status that did not exist. In making this assertion, Salazar suggests the status quo was either conditions as they existed following the May 7 meeting when Salazar had submitted her resignation and received part of the settlement proceeds, or as they existed before the meeting when Salazar was an employee of the School District.[3] However, the status quo to be preserved is "the last actual, peaceable, noncontested status which preceded the pending controversy." *Id.* Gallardo and Guerrero seek to void the settlement agreement by challenging the adequacy of the notice. Therefore, we conclude the status quo to be preserved is the status as it was before the Board entered into the settlement agreement with Salazar and paid her a portion of the settlement amount. "Where the acts sought to be enjoined ... violate an expressed law, 'the status quo to be pre-

served could never be a condition of affairs where the respondent would be permitted to continue the acts constituting that violation'." *San Miguel v. City of Windcrest,* 40 S.W.3d 104, 109 (Tex.App.—San Antonio 2000, no pet.) (quoting *Houston Compressed Steel Corp. v. State,* 456 S.W.2d 768, 774 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ)). By ordering Salazar to place the settlement monies into the court's registry, her status has not changed. The alleged violation resulted in the payment of the money. No determination has been made regarding the propriety of the payment. Rather the court has restored the conditions to the point that will protect the interests of all parties concerned until the pending controversy is resolved. *See Butnaru,* 2001 WL 618149, *7, 2001 Tex. LEXIS 50, *21; *San Miguel,* 40 S.W.3d at 108–09. We conclude the temporary injunction preserves the status quo of the subject matter of this case until it can be tried on the merits. The trial court did not abuse its discretion by granting injunctive relief. Salazar's first issue is overruled.

By her second issue, Salazar contends the Board and its individual members are necessary parties to this suit, and that by not joining them as parties, Gallardo and Guerrero have no basis to assert a claim under section 551.142. She contends that the only entity that can be sued in this case is the Board. At the temporary injunction hearing, she argued that "the Court does not have the authority to issue an injunction under this particular statute that they have plead[,] to anyone but a governmental body." We construe this argument as raising a jurisdictional challenge to the trial court's hearing of the temporary injunction.

---

**3.** Salazar also contends that absent a finding that she is not entitled to the funds, no justification exists to alter the status quo. This

argument, however, again goes to the merits of the case, and will not be addressed in this accelerated appeal.

Section 551.142(a) of the Texas Government Code provides "[a]n interested person ... may bring an action by ... injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." TEX.GOV'T CODE ANN. § 551.142 (Vernon 1994). A "governmental body" is defined as, *inter alia,* "a school district board of trustees." *Id.* § 551.001(3)(E). While the alleged violation must be by the members of the governmental body, the language of section 551.142 does not require the governmental body or its individual members to be named as parties to the lawsuit. *Id.* § 551.142; *see Point Isabel,* 797 S.W.2d at 178 (suit alleging inadequate agenda notice for board meeting filed against school district, not board or individual members of board); *cf. Reynolds v. Haws,* 741 S.W.2d 582, 587 (Tex.App.—Fort Worth 1987, writ denied) (language in statute "implied" Board was an indispensable party where statute required notice to Board before granting certain relief and allowed costs to be assessed against the Board under certain circumstances). Rarely will a party's presence be so indispensable to the resolution of a case that its absence can deprive a court of jurisdiction. *See Nuchia v. Woodruff,* 956 S.W.2d 612, 617 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (citations omitted). If the legislature intended that a particular party be named as a defendant to vest the trial court with jurisdiction, it should have included that requirement in the statute. *See Connor v. Klevenhagen,* 726 S.W.2d 205, 206 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see also Nuchia,* 956 S.W.2d at 617.

Moreover, the school district is a party in this case. Under section 11.151 of the education code "[t]he trustees of an independent school district constitute a body corporate and in the name of the district may ... sue or be sued." TEX.EDUC.CODE ANN. § 11.151(a) (Vernon 1996).[4] We resolve this argument against Salazar.

Salazar also contends that the trial court erred in issuing an injunction against her in her individual capacity. She argues that because she is not a member of the Board, she is not subject to section 551.142(a). Furthermore, Salazar asserts that the injunction improperly required action in her individual capacity as a private citizen, after she had resigned her position as superintendent and severed her relationship with the School District. These general contentions are not, however, supported by authority or discussed in relationship to facts allegedly supporting the assertions. *See* TEX.R.APP.P. 38.1(h) (appellant's brief must contain argument and authorities for contentions made). Therefore, Salazar has not preserved this argument for our review. However, even if we were to consider this issue, a school board and staff may be subject to the scope of an injunction involving the requirements of the Texas Open Meetings Act. *See Hitt v. Mabry,* 687 S.W.2d 791, 795 (Tex.App.—San Antonio 1985, no writ). As the San Antonio Court notes, rule 683 of the Texas Rules of Civil Procedure provides that an injunction may bind "the parties to an action, their officers, agents, servants, employees, and attorneys...." *Id.* Citing *Hitt,* Salazar acknowledges that had Gallardo and Guerrero served the Board, the court may have had authority to enjoin the School District's staff as agents of a party. Therefore, based on our foregoing analysis regarding jurisdiction and the authority set out above, we conclude that Salazar

4. In Plaintiffs' Original Application for a Temporary Restraining Order and Injunctions, Gallardo and Guerrero provided that the defendant School District "may be served with process through its President of the Board of Trustees, Liz Gutierrez."

was properly subject to the scope of this temporary injunction.

■ Salazar also argues that Gallardo and Guerrero lack standing to sue under the Open Meetings Act. However, during oral argument she conceded that, although plaintiffs have no standing based on a vested interest in the contract, they are entitled to bring actions under the Open Meetings Act as interested citizens to void a voidable issue or to question the legitimacy of a meeting where the posted agenda is allegedly inadequate. We agree. The Texas Open Meetings Act allows an "interested person" to bring an action to correct a violation of the act. *See* TEX.GOV'T CODE ANN. § 551.142(a) (Vernon 1994); *see also Matagorda*, 47 S.W.3d at 102 ("interested person" should be construed broadly under Texas Open Meetings Act). Salazar's second issue is overruled.

By her third issue, Salazar contends the court abused its discretion in permitting television cameras and recording devices to be present in the court room and to record .the proceedings without her consent. Our appellate review is limited to deciding whether the district clearly abused its discretion in granting the temporary injunction. Furthermore, under article II, section 1 of the Texas Constitution, we have no jurisdiction to issue advisory opinions. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam); *see also Patterson v. Planned Parenthood of Houston, Inc.*, 971 S.W.2d 439, 444 (Tex.1998). Salazar's third issue is outside the scope of our limited review of this matter.

Accordingly, we affirm the trial court's order.