

NUMBER 13-14-00442-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LONG ISLAND VILLAGE OWNERS
ASSOCIATION, INC.,                                                      Appellant,

v.

COWEN ISLAND PROPERTIES, L.P.,                                          Appellee.

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

By one issue, appellant Long Island Village Owners Association, Inc. ("LIVOA")

asserts that the trial court abused its discretion by granting appellee Cowen Island

Properties, L.P.'s ("CIP") application for a temporary injunction.   We affirm.

## I. BACKGROUND

This dispute concerns the rights and obligations associated with portions of an approximately 230-acre tract of land known as Long Island located in coastal Cameron County.

In this case, two portions of Long Island are at issue.[1] The first is a resort-like community development of more than 1,000 resident-owners known as Long Island Village. LIVOA is the entity charged with managing and operating Long Island Village. Residents access the Long Island Village property from the mainland by crossing a swing bridge to South Garcia Street. Ingress and egress to the Long Island Village property is made through a private street known as Sea Shell Boulevard. A guard post is located at the entrance of Sea Shell Boulevard, which runs from South Garcia Street through the middle of the



Long Island Village property until it dead-ends into the second portion of land at issue in this case, which has been owned by CIP since 2008 ("the CIP property). The CIP property is an undeveloped, approximately 104-acre tract of land.

---

[1] For the benefit of the reader, we have embedded a map included in appellee's brief illustrating the real property and boundaries at issue. We use this map solely for illustrative purposes.

John Cowen Sr., a representative of CIP, testified that CIP's goal is to develop[2] its property, but it is unable to do so because LIVOA is denying CIP access to its property by blocking CIP's access to Sea Shell Boulevard through the guard post. Cowen testified that aside from Sea Shell Boulevard, "there are no other roads that go directly to my property."

CIP sued LIVOA alleging numerous causes of action, specifically that: (1) CIP has an easement through the Long Island Village property and seeks to enforce it; (2) LIVOA impermissibly amended its condominium declarations to "cut off" CIP's property rights; (3) LIVOA's actions are wrongfully barring CIP from entering its property thereby causing damages; (4) LIVOA committed a trespass onto CIP's property; (5) LIVOA's conduct has created a nuisance causing injury to CIP; and (6) promissory estoppel. In written discovery, LIVOA admitted that it has refused and will continue to refuse to give CIP access to Sea Shell Boulevard because neither CIP, nor its principals or personnel are owners, renters, visitors, or guests at Long Island Village.

CIP later filed an application for temporary injunction alleging that it has an express easement for ingress and egress through Sea Shell Boulevard as well as an express easement for utilities. To support this argument, CIP attached the 1978 Declaration recorded by the original developer of the Long Island Village community as well as the plat purportedly evidencing these easements and argued that the easements are appurtenant and burden both the Long Island Village property as well as the CIP property.

---

[2] Cowen testified that CIP had hired an architect and a "landscape artist" to assist in the development of property and had conducted engineering and "eco" studies on the property, as well.

CIP sought injunctive relief to enjoin LIVOA from refusing CIP access to its easement via Sea Shell Boulevard.

After a hearing in which CIP called two witnesses and LIVOA called none, the trial court granted CIP's request for a temporary injunction and enjoined LIVOA, as well as the owner-residents of Long Island Village, from preventing CIP and any of its development contractors ingress and egress to the CIP property via Sea Shell Boulevard. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West, Westlaw through 2015 R.S.).

## II. TEMPORARY INJUNCTION

By its sole issue, LIVOA asserts that the trial court abused its discretion by granting CIP's application for a temporary injunction because CIP failed to establish a probable right of recovery.

### A. Standard of Review and Applicable Law

We review the trial court's ruling on a party's application for a temporary injunction for an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We will not substitute our judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id.* A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* Instead, to obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* The applicant is not required to show that he will

4

ultimately prevail on the trial of the merits, but only that he is entitled to preserve the status quo. *Salazar v. Gallardo*, 57 S.W.3d 629, 632–33 (Tex. App.—Corpus Christi 2001, no pet.).

## B. Discussion

LIVOA argues that CIP has not demonstrated a probable right of recovery because it did not join the "approximately 1,100 individual property owners who own undivided interests in Sea [Shell] Boulevard, and who are necessary parties to any action to establish such an easement." We disagree.

As stated, CIP sued LIVOA alleging numerous causes of action, including the establishment of an easement coterminous with Sea Shell Boulevard. Even taking LIVOA's argument as true—that the Long Island Village individual property owners own undivided interests in Sea Shell Boulevard—the purpose of CIP's application for temporary injunction related specifically to the actions taken by LIVOA in preventing CIP and its agents and contractors from utilizing Sea Shell Boulevard. In written discovery, LIVOA also admitted that it denied and would continue to deny CIP access to Sea Shell Boulevard because neither CIP nor its agents were property owners of Long Island Village. At the temporary injunction hearing, CIP presented evidence to show that it had an express easement through Sea Shell Boulevard, as described in the Long Island Village developer's 1978 Declaration and original site development plan.[3] Finally, CIP

---

[3] We offer no opinion as to the merits of the underlying lawsuit. Our decision today relates only to the trial court's grant of CIP's application for temporary injunction.

presented evidence from its representative, John Cowen Sr., that LIVOA's actions prevented CIP from accessing and developing the land, thereby causing CIP injury.

Based on this record, we conclude that the trial court did not abuse its discretion in granting CIP's application for temporary injunction because CIP showed that it had a probable right to relief.[4]   We overrule LIVOA's sole issue on appeal.

### III.   CONCLUSION

We affirm the trial court's order granting CIP's application for temporary injunction.


GINA M. BENAVIDES,
Justice


Delivered and filed the
12th day of November, 2015.

---

[4] Because LIVOA only challenges this element of CIP's application for a temporary injunction on appeal, we need not address the remaining elements.   *See* TEX. R. APP. P. 47.1.