Opinion by Chief Justice Valdez
Appellant, Ernesto Lugo, filed an action against appellee, the Donna Independent School District Board of Trustees (the Board), under the Texas Open Meetings Act (TOMA) and the Uniform Declaratory Judgment Act (UDJA) due to the actions taken by the Board on February 9, 2016. The trial court denied Lugo's motion for partial summary judgment and granted the Board's motion for partial summary judgment. By two issues, Lugo contends that "[t]he uncontested summary judgment evidence showed that [the Board's] appointment of replacement trustees violated the notice provisions of [TOMA], because the posted agenda item on the subject of trustee vacancies specifically stated that the Board would consider taking action to call a special election to fill the *95 vacancies" and Lugo's claims are not moot. We reverse and remand.
I. BACKGROUND
Lugo and Efren Ceniceros, who is not a party to this appeal, were both trustees on the Board in 2016. Two other trustees, Eloy Infante and Elpidio Yanez Jr., resigned from the Board in January 2016. According to Lugo, he and Ceniceros "wanted these vacancies to be filled by special called election, and publically announced they would not attend a Board meeting that had an agenda item that could authorize filling these two vacancies by appointment." An agenda posting for a January 27, 2016 Board meeting stated: (1) "Discussion and Possible Action on all Available Options for the Filling of Vacancies" on the Board; (2) "Appointment to Fill said Vacancies by the Remaining Members of the Board"; and (3) "Discussion and Possible Action Regarding Calling a Special Election for May 7, 2016 to Fill the Unexpired Trustee Terms" for Infante's and Yanez's seats on the Board. This meeting did not occur because Ceniceros and Lugo did not attend.
Subsequently, an agenda posting for a February 9, 2016 Board meeting stated only one item as follows: "Discussion and Possible Action Regarding Calling a Special Election for May 7, 2016 to Fill the Unexpired Trustee Terms for" Infante's and Yanez's seats on the Board. All five trustees attended the February 9, 2016 meeting, and at the meeting, Lugo moved for the Board to approve a special election for May 7, 2016 to elect new members in Infante's and Yanez's seats. The motion failed. The minutes of this meeting show that "Trustee Castillo moved to amend the motion by substituting the language calling for a special election with" language calling for the appointment of David de los Rios and Dennis Ramirez to fill the vacancies caused by Infante's and Yanez's resignations. The minutes indicate that the motion was approved.
Lugo filed his suit three days later claiming that the Board violated section 551.041 of TOMA, which he claimed "requires that the public receive specific notice of, through a posted agenda, each meeting of a Texas public school district before the Board of Trustees is authorized to take any action [on] governmental business." See TEX. GOV'T CODE ANN. § 551.041 (West, Westlaw through 2017 1st C.S.). Lugo claimed that "[t]he oral amendment to [his] motion amounted to an attempt to amend the agenda item as stated in the posted agenda, in violation of" TOMA. Lugo argued that "[t]he only action that the Board was authorized to take pursuant to the posted agenda was to call special elections to fill the two vacant Trustee positions."
The Board filed a general denial, and it counter-sued for declaratory relief and attorney's fees. The Board sought a declaration that "the appointment of Dennis Ramirez and David de los Rios to fill the vacant seats in Place 5 and [Place] 6 on the school board made by a majority of the Board of Trustees present at a special meeting on February 9, 2016, was valid and was supported by sufficient notice under" TOMA.
Lugo filed a motion for partial summary judgment seeking, among other things, a declaratory judgment that the Board's appointments of De Los Rios and Ramirez as Trustees were void because the Board violated TOMA by failing "to post public notice of each subject that the Board would deliberate about during the Board meeting held on February 9, 2016, at least 72 hours prior to the convening of this meeting."
The Board filed an answer to Lugo's motion for partial summary judgment and its own motion for partial summary judgment, *96 wherein the Board asserted several objections and exceptions to Lugo's summary judgment evidence. In response to Lugo's motion, the Board alleged that the evidence presented genuine issues of material fact on one or more elements of Lugo's cause of action. Specifically, the Board stated that a question of fact existed regarding whether the public received sufficient notice of the subject of the February 9, 2016 meeting to authorize the Board to fill the two vacancies on the Board by appointment rather than by special election. The Board cited the affidavit of Carlos Armando Villarreal who stated, "I learned that Lugo ... asked for an item on the agenda to call for a special election to fill the two vacant seats ... I saw the agenda item" calling for a special election on May 7, 2016, and "I understood the item on the agenda for the meeting to mean that the two vacancies would be filled, one way or the other, and it was known that the Board could fill the vacant seats either by a special election or by appointment by the members of the Board."
The Board requested partial summary judgment on the grounds that it is not necessary for governmental units to state in the agenda all of the possible consequences which may necessarily flow from the consideration of the subject stated. And, here, the agenda broadly indicated that the Board would discuss replacement of Infante and Yanez. The Board again cited Villarreal's affidavit wherein he stated that he understood the agenda item to mean that the Board would discuss filling the vacancies either by special election or by appointment.
The trial court denied Lugo's motion for partial summary judgment, and it granted the Board's motion for partial summary judgment. This appeal followed.
II. MOOTNESS
Before addressing the merits of Lugo's issues we must determine whether the case is moot. See Heckman v. Williamson Cty , 369 S.W.3d 137, 162 (Tex. 2012) (observing that a live controversy must exist in a case during the entire course of the litigation for a court to have jurisdiction). The Board argues that Lugo's claim is moot because "the Trustees appointed in the alleged violation [of TOMA] no longer hold positions on the [Board]" and there is no evidence of "any pattern of potential future violations or the need for a potential remedy other than declaratory relief." Lugo argues that the case is not moot because his claim for attorney's fees constitutes a live controversy. See Allstate Ins. Co. v. Hallman , 159 S.W.3d 640, 642-43 (Tex. 2005) ; Camarena v. Tex. Em't Comm'n , 754 S.W.2d 149, 151 (Tex. 1988).
"A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." Hallman , 159 S.W.3d at 642. In Hallman , Ruth Hallman was sued by neighboring landowners for damages related to limestone mining on her property. See ids="9018279" index="4" url="https://cite.case.law/sw3d/159/640/#p642">id. at 641. Hallman sought coverage under her homeowner's insurance policy with Allstate requesting that it defend and indemnify her in the underlying lawsuit. Id. Allstate claimed that it had no duty to defend and indemnify Hallman; however Allstate did defend her during the lawsuit. Id. Contemporaneously, Allstate sought a declaration that it had no duty to defend and indemnify her. Id. Hallman counterclaimed seeking a declaration that Allstate had a duty to defend and indemnify her in the underlying suit. Id. Both parties moved for summary judgment on the issue of whether Hallman's mining activities constituted an "occurrence" as defined by the insurance policy. Id. at 642. The trial court granted Allstate's motion for summary judgment *97 and denied both parties' requests for attorney's fees. Id. The court of appeals reversed concluding that the policy covered Hallman's claims for several reasons, and it remanded the case to the trial court for a determination of attorney's fees. Id.
On appeal to the Texas Supreme Court, the parties informed the court that the underlying suit against Hallman by her neighbors had been concluded with a jury verdict in favor of Hallman. Id. Thus, as a preliminary matter, the Texas Supreme Court considered "whether the conclusion of the underlying litigation render[ed] the case moot." Id. Both parties agreed that the case was not moot because a justiciable controversy existed concerning the award of attorney's fees for expenses incurred in defending against Allstate's declaratory judgment action and in pursuit of her own declaratory judgment action. Id. The Texas Supreme Court agreed with the parties that the case was not moot. Id. It explained that, although the trial court ruled against the plaintiff, a different answer on the merits question would require a remand so that the trial court could reconsider whether an award of attorneys' fees was appropriate. Id. at 643. The Hallman court held that Hallman's case against Allstate was not moot because under the UDJA, Hallman would be entitled to attorneys' fees. Id. at 642. The court stated, "Hallman's remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot." Id. at 643. Thus, even though the Texas Supreme Court ultimately held that Hallman's claims against Allstate were meritless, the case was not moot because a potential award of attorney's fees existed if Hallman had prevailed. Id. at 642-43.
Similarly, here, if Lugo is correct that the Trustees violated TOMA, he may be entitled to attorneys' fees under TOMA and the UDJA. See TEX. GOV'T. CODE ANN. § 551.142 (West, Westlaw through 2017 1st C.S.) ("The court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails in an action under Subsection (a)," which states that "[a]n interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body"); id. § 552.3215 (West, Westlaw through 2017 1st C.S.) ("An action for a declaratory judgment or injunctive relief may be brought in accordance with this section against a governmental body that violates this chapter."); see also TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through 2017 1st C.S.) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Therefore, as to the issue of mootness, it matters not whether Lugo's appellate argument ultimately succeeds or fails on the merits because Lugo's remaining interest in obtaining attorney's fees if he were to prevail on appeal prevents it from being moot. See Hallman , 159 S.W.3d at 642 ; Ward v. Lamar Univ. , 484 S.W.3d 440, 452 (Tex. App.-Houston [14th Dist.] 2016, no pet.) (op. on reh'g) (concluding that because the plaintiff requested attorneys' fees under the UDJA, the plaintiff's free-speech retaliation claim was not moot even though the plaintiff had resigned from her position with the defendant university). Accordingly, we will address the merits of Lugo's claims. See Hallman , 159 S.W.3d at 642.
III. TOMA VIOLATION
Section 551.041 of TOMA requires that a governmental body "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. § 551.041. Section *98 551.043 of TOMA states, "The notice of a meeting of a governmental body must be posted in a place readily accessible to the general public at all times for at least 72 hours before the scheduled time of the meeting...." TEX. GOV'T CODE ANN. § 551.043 (West, Westlaw through 2017 1st C.S.). "The Texas Supreme Court further established that notices of meetings of governmental bodies must include more specific information when the issue is one of special interest to the public." Salazar v. Gallardo , 57 S.W.3d 629, 633 (Tex. App.-Corpus Christi 2001, not pet.). In addition, the notice "must fairly 'alert the reader to the topic for consideration.' " Id. at 633-34.
By his first issue, Lugo contends that as a matter of law, the Board violated sections 551.041 and 551.043 of TOMA because the agenda item for the February 9, 2016 meeting only notified the public that the Board would discuss a special election to fill the vacancies with the Board and did not notify the public that the Board would discuss filling the vacancies by appointment. See TEX. GOV'T CODE ANN. §§ 551.041, 551.043. Lugo states that "when there are two statutory procedures for appointing replacement trustees, and the posted agenda item states that the school board will consider filling the vacancy by only one of the two available procedures, board action to use the other, unidentified procedure, is a violation of section 551.041 of TOMA." He further asserts that the Board's action in this case constituted "an attempted amendment of the posted agenda not an 'amendment' to a motion made by a trustee."
At oral argument, the Board conceded that the agenda did not give notice that the Board would appoint replacement trustees at the February 9, 2016 meeting, and that this constitutes a TOMA violation.[1]
We agree. The agenda stated:
Discussion and Possible Action Regarding Calling a Special Election for May 7, 2016 to Fill the Unexpired Trustee Terms for District At-Large Place 5 and 6, and Authorize the Administration to Negotiate and Execute an Agreement with Hidalgo County to Conduct a Joint Election.
This agenda item specifically stated that the Board would discuss calling a special election for May 7, 2016 to fill the vacancies. The agenda did not provide notice to the public that the Board would either discuss or actually appoint replacement trustees at the February 9, 2016 meeting. Cf. Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist. , 706 S.W.2d 956, 958 (Tex. 1986) ("As long as a reader is alerted to the topic for consideration, it is not necessary to state all of the consequences which may flow from consideration of the topic"); Salazar , 57 S.W.3d at 633. As such, we agree with Lugo that by appointing the replacement trustees without notifying the public of that potential action prior to the meeting, the Board violated TOMA. See Cox Enters., Inc., 706 S.W.2d at 958 (concluding that the school board violated TOMA by stating generally it would discuss personnel and litigation and not specifically informing the public that it would discuss the selection of a new superintendent and a "major desegregation lawsuit"). We sustain Lugo's first issue.
IV. CONCLUSION
We reverse the trial court's grant of the Board's motion for partial summary judgment *99 and denial of Lugo's motion for partial summary judgment. We remand to the trial court for entry of partial summary judgment in favor of Lugo and to determine whether Lugo is entitled to attorney's fees.

In its prayer for relief in its brief, the Board conceded that a TOMA violation occurred, requested that we conclude the appeal is moot, and asked that we "remand [the] remaining dispute over attorney's fees and costs under the [UDJA] to the trial court to assess the reasonable and necessary attorney's fees and costs."