

IN THE
TENTH COURT OF APPEALS

No. 10-19-00006-CV

TERRY ASLIN,

Appellant

v.

CORYELL COUNTY, TEXAS,

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-17-47034

MEMORANDUM OPINION

In two issues, Appellant Terry Aslin appeals the trial court's judgment granting

Appellee Coryell County, Texas's Rule 91a motion to dismiss. We will affirm.

*Background*

The background facts are taken from Aslin's Second Amended Petition.[1] Aslin

served as Director of the County's Human Resources Department from November 14,

---

[1] Aslin argues that his Second Amended Petition, filed after the County filed its motion to dismiss, contains facts not addressed in the motion to dismiss. However, the expanded facts included in the Second Amended Petition do not alter the outcome of this case.

2016 to September 30, 2017. The Coryell County Commissioners Court met in open session on August 14, 2017 to discuss and possibly take action on the fiscal year 2018 county budget. This budget fully funded the Human Resources Department, including Aslin's position as Director. The Commissioners Court also met in executive session to discuss "personnel matters involving the Human Resources Department Head." The Commissioners Court adopted the proposed budget but took no action regarding Aslin's position.

At its August 28, 2017 meeting, the Commissioners Court met in public session to discuss and possibly approve changes to the 2018 budget, but no action was taken on any proposed amendments. The Commissioners Court again met in executive session to discuss "personnel matters involving the Human Resources Department Head," but no action was taken in regard to Aslin's position. At a September 5, 2017 special session, the Commissioners Court again publicly discussed proposed amendments to the 2018 budget. There was no public discussion regarding the Human Resources Department, and no action was taken on the budget. On September 11, 2017, the Commissioners Court once more discussed changes to the 2018 budget but took no action on any amendments. The Commissioners Court met again in executive session to discuss "personnel matters involving the Human Resources Department Head," but no action was taken in open session relative to this issue.

On September 18, 2017, the Commissioners Court conducted two separate meetings. The first meeting involved discussion and approval of a plan proposed by Aslin to eliminate a third-party insurance broker and to contract directly with the

County's insurance provider.[2]  The second meeting involved the proposed amendments to the 2018 Budget.  The Commissioners Court adopted the amendments, which had the effect of defunding the Human Resources Department and eliminating Aslin's position.  The amended final budget became effective on October 1, 2017.

The crux of Aslin's petition against the County is:  "At no time in any meeting between August 14, 2017, and October 1, 2017, did the Commissioners Court conduct a public discussion about defunding the Human Resources Department or terminating plaintiff's position or employment."  Aslin filed suit seeking reinstatement and monetary damages due to the County's alleged violation of the Open Meetings Act.  The County filed a Rule 91a motion to dismiss, which was granted by the trial court.

*Issues*

In his first issue, Aslin asserts that the trial court erred in granting the Rule 91a motion to dismiss because Aslin alleged sufficient facts in his pleadings to invoke the provisions of the Texas Open Meetings Act (TOMA).

In his second issue, Aslin asserts that he was harmed by the trial court's delay of over 275 days in ruling on the Rule 91a motion to dismiss.

*Discussion*

A.  Standard of Review.  A Rule 91a motion allows a party, with exceptions not applicable here, to "move to dismiss a cause of action on the grounds that it has no basis in law or fact."  TEX. R. CIV. P. 91a.1.

---

[2] Aslin contends that a dispute between him and the third-party broker is what led to the defunding of Aslin's position.

A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id.* We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts of a case is a question of law. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (*per curiam*). In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6.

The trial court should construe the pleadings liberally in favor of the plaintiff, looking to the plaintiff's intent, and must accept the plaintiff's factual allegations as true and, if necessary, draw reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). "Dismissal of a cause of action under Rule 91a is a harsh remedy with fee-shifting consequences; thus an appellate court should strictly construe the rule's requirements." *Lecody v. Anderson*, No. 07-20-00020-CV, 2021 WL 1202348, at *3 (Tex. App.—Amarillo Mar. 30, 2021, no pet.) (mem. op.) (citing *Bedford Internet Off. Space, LLC v. Tex. Ins. Grp., Inc.*, 537 S.W.3d 717, 720-21 (Tex. App.—Fort Worth 2017, pet. dism'd)).

> In deciding whether the trial court properly granted a motion to dismiss under Rule 91a, a reviewing court applies the fair-notice pleading standard in determining whether the allegations in the petition were sufficient to allege a cause of action. *Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639-40 (Tex. App.—Dallas 2018, pet. denied). Under that standard, a court considers whether the opposing party "can ascertain from

the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Stated differently, the fair-notice standard measures whether the pleading has provided the opposing party sufficient information to enable that party to prepare a defense or a response. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017) (citing *Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

*Lecody*, 2021 WL 1202348, at *3.

B.  Violation of Open Meetings Act.  TOMA, with limited exceptions, requires "[e]very regular, special, or called meeting of a governmental body" to be open to the public.  TEX. GOV'T CODE ANN. § 551.002.  There are requirements within TOMA that relate to the timing and physical posting of notice and the recording or taking of minutes.  *See id*. §§ 551.021-.056.  These are not at issue.  Aslin asserts that TOMA was violated when the County Commissioners improperly deliberated on the County budget and took action on the elimination of his position in a closed meeting.  Specifically, in his Second Amended Petition Aslin asserts that the County violated TOMA in the following respects:

(1)  the Commissioners Court discussed defunding and/or voted to defund the Human Resources Department from the 2018 FY County Budget in executive session, which is not permitted under the Open Meetings Act;

(2)  the Commissioners Court discussed defunding and/or voted to defund the Human Resources Department from the 2018 FY County Budget in an illegal meeting conducted outside of a public meeting posted and conducted pursuant to the Open Meetings Act;

(3)  the Commissioners Court discussed and/or took action in executive session relative to "personnel matters involving the Human Resources Department Head," neither of which is permitted under the Open Meetings Act; and/or

(4)    the Commissioners Court discussed and/or took action relative to "personnel matters involving the Human Resources Department Head" in an illegal meeting conducted outside of a public meeting posted and conducted pursuant to the Open Meetings Act.

Taking as true the factual allegations contained in Aslin's Second Amended Petition, as well as all inferences reasonably drawn from them, we conclude that the trial court did not err in granting Coryell County's motion to dismiss.

Action taken by a governmental entity in violation of TOMA "is voidable" not void. *Id*. at § 551.141. If a party establishes a violation of TOMA, the court "may assess costs of litigation and reasonable attorney fees. *Id*. at § 551.142(b). A party may also be entitled to injunctive relief, such as reinstatement of employment. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 556 (Tex. 2019) (employee properly pled injunctive relief for reinstatement).

As noted, Aslin asserts that discussions and the decision to defund the Human Resources Department, and his position as Director, were made in a closed meeting that was not posted and open to the public.

TOMA does not require absolute but rather substantial compliance with its notice requirements. *Terrell v. Pampa Indep. Sch. Dist.*, 572 S.W.3d 294, 298 (Tex. App.—Amarillo 2019, pet. denied). "As long as a reader is alerted to the topic for consideration, it is not necessary to state all of the consequences which may flow from consideration of the topic." *Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 958 (Tex. 1986); *see also Lugo v. Donna Indep. Sch. Dist. Bd. of Trs.*, 557 S.W.3d 93, 98 (Tex. App.—Corpus Christi 2017, no pet.). "The required specificity of the notice is directly

proportional to the level of public interest in the topic to be discussed." *Calhoun Port Auth. v. Victoria Advoc. Publ'g Co.*, No. 13-18-00486-CV, 2019 WL 1562003, at *2 (Tex. App.—Corpus Christi Apr. 11, 2019, pet. denied) (mem. op.).

The notices related to discussions of Aslin's employment were specific enough to alert the public to the topic that was to be discussed. *See Cox Enters., Inc.*, 706 S.W.2d at 958. Notice of a meeting is proper so long as the public is "alerted to the topic for consideration. . . ." *Id.* "[I]t is not necessary to state all the consequences which may flow from the consideration of the topic." *Id.* The defunding of Aslin's position was one of the consequences flowing from consideration of his continued employment during executive session. Greater specificity was not required as Aslin's position was not one that had a high level of public interest. *See Barrera v. Tri-County Juv. Prob. Bd.*, No. 04-11-00071-CV, 2011 WL 3502367, at *3 (Tex. App.—San Antonio Aug. 10, 2011, pet. denied) (mem. op.) ("Absent a showing of some special interest in a position of employment, the word 'personnel' is adequate to notify the public that actions will be taken in regard to personnel matters.") (citing *Rettberg v. Tex. Dep't of Health*, 873 S.W.2d 408, 411 (Tex. App.—Austin 1994, no writ)).

TOMA includes several exceptions to the requirement that governmental meetings be open to the public. *Id.*; *see also* TEX. GOV'T CODE ANN. §§ 551.071-.089. Pertinent to this suit, TOMA permits a governmental body to conduct closed meetings "to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee. . . ." TEX. GOV'T CODE ANN. §

551.074(a)(1). This exception, as well as all others, are to be construed narrowly. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990) (citing *Cox Enters.,* 706 S.W.2d at 958). However, "[s]ubsection (a) does not apply if the officer or employee who is the subject of the deliberation or hearing requests a public hearing." TEX. GOV'T CODE ANN. § 551.074(b). There is nothing in Aslin's Second Amended Petition to indicate that Aslin requested a public hearing under § 551.074(b). Accordingly, the discussions related to Aslin's employment, if any, were properly held in closed sessions. *See* TEX. GOV'T CODE ANN. § 551.074(a)(1).

Assuming as true that defunding Aslin's position was improperly discussed in executive session, as acknowledged by Coryell County, the amendment to the budget that executed this decision was properly noticed and decided in open session. *See Barrera*, 2011 WL 3502367, at *4 (approval of budget and personnel in open session proper even though budget discussed in executive session); *see also Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *3 (Tex. App.—Corpus Christi Mar. 31, 2016, no pet.) (vote taken in open session after alleged violation occurred was not in violation of TOMA).[3] Aslin argues that the discussions regarding the budget as it related to his department and position were not held in open session. However, the Commissioners

---

[3] Aslin submitted a letter brief citing the *Swanson* opinion in support of his claims. However, *Swanson* presents a different procedural background than that presented here. The Town of Shady Shores moved for summary judgment on Swanson's claims, whereas Coryell County challenges Aslin's claims in a Rule 91a Motion to Dismiss. As the *Swanson* court notes, the Town of Shady Oaks effectively tried Swanson's claims by consent by seeking to dispose of the claims on the merits of its summary judgment motions. *Id*. at 556.

Court minutes from the August 28, 2017 meeting, the September 5, 2017 special session, the September 11, 2017 meeting of the Commissioners Court, all exhibits to Aslin's Second Amended Petition, reflect that the Commissioners publicly discussed changes to the 2018 budget although no action was taken. The minutes from the September 18, 2017 meeting, also included as an exhibit to Aslin's Second Amended Petition, reflect that the Commissioners Court again discussed the proposed amended 2018 budget and voted to approve it at that open session. This vote, made after proper notice and public discussion, that resulted in defunding Aslin's position, was not in violation of TOMA. *See Texas State Bd. of Public Acct. v. Bass*, 366 S.W.3d 751, 762 (Tex. App.—Austin 2012, no pet.) (vote conducted in open meeting not void although some deliberation may have occurred in closed session). It is the resolution of an ultimate issue confronting a public body that must be made in public. *Id.* (citing *Bd. of Trs. v. Cox Enters., Inc.*, 679 S.W.2d 86, 89 (Tex. App.—Texarkana 1984, *rev'd in part on other grounds*, 706 S.W.2d 956 (Tex. 1986)); *see also Olympic Waste Services v. City of Grand Saline*, 204 S.W.3d 496, 504 (Tex. App.—Tyler 2006, no pet.) (holding that while discussion of merits of proposed contract in executive session with legal counsel violated TOMA, open-session vote to award contract did not violate TOMA and contract was not voidable).

Any amendments to the budget, which defunded Aslin's department and position, were duly noticed and voted on in open session while discussions relating to Aslin's employment were also properly noticed and discussed in executive sessions.[4]

We overrule Aslin's first issue.

C. Delay in Ruling on 91a Motion. Aslin asserts in his second issue that he suffered harm due to the trial court's delay in ruling on Coryell County's motion to dismiss. The County concedes that the trial court did not rule on Aslin's motion in a timely manner.

A trial court is required to rule on a motion to dismiss under Rule 91a within forty-five days after the motion is filed. TEX. R. CIV. P. 91a.3(c). The inclusion of the term "must" in the rule "connotes a mandatory duty or obligation." *Marshall v. Enter. Bank*, No. 10-16-00379-CV, 2018 WL 4224078, at *2 (Tex. App.—Waco Sept. 5, 2018, pet. denied) (mem. op.). "However, Rule 91a does not contain a sanction for non-compliance with the forty-five day deadline." *Id*. If a trial court errs in failing to meet the deadline, the court's ruling will not be reversed if the error is found to be harmless. *Id*.

Aslin argues that he suffered harm through being required to expend significant money by being forced to participate in discovery. Assuming this is true, a reversal of the trial court's order would not "cure" Aslin's harm but merely increase his harm by forcing him to expend even more funds to continue the litigation.

---

[4] The notices related to the meetings identified by Aslin are attached as exhibits to Aslin's second amended original petition.

Additionally, the record before this court reflects that the parties entered into a Rule 11 Agreement to extend the deadline for discovery and to extend the time for the County to respond to Aslin's Second Request for Production. There is nothing in the record to reflect that Aslin requested a stay of discovery or that, if such a request was made, that it was denied by the trial court. Finally, Aslin has identified no "harm" that he suffered because of the delay that implicated his ability to respond to the County's motion to dismiss or that impacted the trial court's ruling on the motion. We overrule Aslin's second issue.

## Conclusion

Having overruled both of Aslin's issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed May 26, 2021
[CV06]

